IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:16-cv-02390-STA-jay |
| | ) | |
| JAMES M. HOLLOWAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On July 11, 2019, Chief United States District Judge S. Thomas Anderson granted Anthony Wallace a default judgment against William Bryant and referred this matter to the undersigned Magistrate Judge for determination of damages. (Docket Entry ("D.E") 30.). For the reasons set forth below, I respectfully recommend that the District Court award Wallace Five Hundred Dollars ($500.00) in damages against William Bryant.

## Proposed Findings of Fact

On October 2, 2018, Wallace, appearing *pro se*, filed an Amended Complaint in this matter. (D.E. 9.) Wallace's Amended Complaint arose from his incarceration at West Tennessee State Penitentiary in Henning, Tennessee. (*Id.*) Wallace sought compensatory and punitive damages. (D.E. 9, PageID 79.) Chief United States District Judge S. Thomas Anderson found that Wallace's allegations that, while he was handcuffed, William Bryant rammed his head, face down, into a staircase, were sufficient to state an Eighth Amendment claim under 42 U.S.C. § 1983; however, his other claims were dismissed. (D.E. 11.) Accordingly, service of process was issued for William Bryant. (*Id.*)

William Bryant was served on October 9, 2018. (D.E. 16.) However, he never responded to Wallace's Amended Complaint. Accordingly, on May 29, 2019, the Clerk entered default as to William Bryant. (D.E. 24.) On July 11, 2019, upon Wallace's Motion for Default Judgment and in light of Bryant's failure to plead or otherwise defend himself, the District Court entered default judgment against Bryant and referred this matter to the undersigned Magistrate Judge for determination of damages. (D.E. 30.)

On January 12, 2020, a damages hearing was held. Mr. Wallace appeared at the hearing. He was placed under oath and testified about the incident in question. Regarding the incident, he testified that he was in restraints when William Bryant slammed him into the ground. After the incident, he was taken to the medical department at the facility. However, he only suffered scrapes and abrasions. Mr. Wallace did testify that he receives mental health treatment "on the regular." However, at the hearing, Mr. Wallace provided no medical records to demonstrate that the mental health treatment he has purportedly received related to the incident involving Mr. Bryant. Finally, during the hearing, Mr. Wallace did not indicate that he had to take any medication as a result of the incident.

At the conclusion of the hearing, Mr. Wallace was provided with an additionally thirty (30) days in which to submit medical records and/or other filings supporting his claim for damages. (D.E. 36.) On February 5, 2020, Mr. Wallace filed his "Statement of Damages." (D.E. 37.) Within this document, Mr. Wallace averred: that he suffered trauma issues requiring medication; that he could not provide his medical or mental health records, but they would be forthcoming from prison staff; that he suffered bumps and bruises as a result of the incident; and that he was uncertain as to his future medical, mental, and emotional issues arising from the incident. *(Id.)* Finally, he requested an award of damages between $10,000.00 and $50,000.00. *(Id.)* The Court has not

received any additional documentation concerning Mr. Wallace's request for damages.

Based upon Mr. Wallace's testimony at the evidentiary hearing, Mr. Wallace's inability to articulate specific facts concerning his mental and/or medical treatment as a result of the incident with Mr. Bryant, and the lack of supporting evidentiary materials to support his claim for mental health issues arising from the incident, I find that Mr. Wallace only suffered minor physical injuries as a result of the incident with Mr. Bryant. Specifically, Mr. Wallace only suffered bumps, bruises, and abrasions which did not require much, if any medical treatment. Additionally, I find that Mr. Wallace has not been forced to pay for any medical and/or mental health treatment as a result of the incident, nor has he suffered any economic loss.

## Recommendation

As a result of the previously entered default judgement, Mr. Wallace has established Mr. Bryant's liability on his Eighth Amendment claim under 42 U.S.C. § 1983.[1] *See Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011). Nevertheless, Mr. Wallace must still prove the amount of damages he is seeking. *Id*. "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Id*. (internal citations omitted). Therefore, I will not separately set forth the elements of an Eight Amendment claim. Instead, I focus on the amount of damages, if any, to which Mr. Wallace is entitled in light of his already established Eighth Amendment violation. In reaching this decision, I consider the evidence and testimony presented by Mr. Wallace. *See Carter v. Howard,* No. 11-2361-T/P, 2012 WL4482059, * 4 (W.D. Tenn. Aug. 24, 2012), *adopted at*, 2012 WL 4471598 (W.D. Tenn. Sept. 26, 2012).

---

[1] Chief United States District Judge S. Thomas Anderson previously articulated the necessary elements of an Eighth Amended claim brought pursuant to 42 U.S.C. § 1983. (D.E. 6, PageID 60, 63-5; D.E. 11, PageID 113-114.)

I base my recommended damages award on the following findings. Mr. Wallace has proven that, while Mr. Wallace was restrained, William Bryant slammed him to the ground. This incident resulted in bumps, bruises, and abrasions. However, Mr. Wallace has not proven that he has suffered any ongoing physical or mental injuries as a result of the incident.

I also find three cases, *Carter,* 2012 WL 4482059 at *4-5, *McHenry v. Chadwick*, 896 F.2d 184, 185–88 (6th Cir.1990), and *Kemp v. Robinson*, No. 02–CV–74592–DT, 2009 WL 2382427, at *1-6 (E.D. Mich. July 31, 2009), to be instructive in determining the amount of damages that should be recommended in this case. In *Carter*, United States Magistrate Judge Tu Pham recommended an award of $5,000.00 to the plaintiff in an excessive force case based upon the inconsistencies in the plaintiff's version of events, the plaintiff's lack of permanent injury, and the lack of supporting medical records. 2012 WL 4482059 at *4-5 (citing *McHenry*, 896 F.2d. at 185–186 and *Kemp,* 2009 WL 2382427, at *1-6).

In *McHenry*, a jury awarded the plaintiff $150.00 in compensatory damages and $2,600.00 in punitive damages after he was assaulted by prison guards on two separate occasions. *Id*. at 186. During the first incident, the guards twisted the plaintiff's arm and threw him to the ground. *Id.* During the second incident, officers knocked him to the floor, resulting in his head hitting a wall, and struck him in the back, stomach, and legs, with one officer using a billy club. *Id.* The Sixth Circuit Court of Appeals affirmed the trial court's decision to deny a motion notwithstanding the verdict, or alternatively, for a new trial, and found that the plaintiff provided sufficient evidence to show that the "appellants inflicted pain [on him] that was both unnecessary and wanton in violation of the [E]ighth [A]mendment." *Id*. at 185-88.

In *Kemp,* the United States District Court for the Eastern District of Michigan adopted the Magistrate Judge's recommendation of an award of $30,000.00 in compensatory damages and $10,000.00 in punitive damages against a prison guard. 209 WL 4482059 at *3-4. In *Kemp*, the prison guard beat the plaintiff for ten minutes, causing pain, suffering, and an injured shoulder. *Id*. at *9. Though most of his physical injuries resolved prior to the damages hearing, the plaintiff did testify that he continued to have some problems with his shoulder over eight (8) years after the incident. *Id*. at *5-6.

In this case, I find that the incident involving Mr. Wallace and Mr. Bryant was less severe than the assaults in *Carter*, *McHenry*, and *Kemp*. Mr. Wallace testified that the only physical injuries he sustained were bumps, bruises, and abrasions. Additionally, Mr. Wallace did not testify that Defendant Bryant engaged in a prolonged or continued assault. Instead, it appears as if the incident was short in duration. Moreover, Mr. Wallace's claim that he has and/or will need continued mental health treatment as a result of the incident are unsupported and not credible.

Accordingly, an award of $200.00 for compensatory damages and $300 for punitive damages, which is less than the awards in *Carter*, *McHenry*, and *Kemp*, is appropriate in this case. Therefore, I respectfully recommend that the District Court award Mr. Wallace Two Hundred Dollars ($200) in compensatory damages and Three Hundred Dollars ($300) in punitive damages against William Bryant. I also recommend that the costs of this cause be taxed against William Bryant.

Respectfully submitted this the 17th day of April, 2020.

                                             s/Jon A. York_____
                                             United States Magistrate Judge

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72.1(g). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**